**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted September 13, 2005[*]
Decided September 21, 2005

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** MICHAEL S. KANNE, Circuit Judge

**Hon.** ANN CLAIRE WILLIAMS, Circuit Judge

No. 05-1498

UNITED STATES OF AMERICA,
 *Plaintiff-Appellee*,

*v.*

LORENZO DAVILA-RODRIGUEZ,
 *Defendant-Appellant*.

Appeal from the United States District Court for the Southern District of Illinois.

No. 3:02CR30081-003
G. Patrick Murphy, *Chief Judge*.

**Order**

Lorenzo Davila-Rodriguez pleaded guilty to conspiring to distribute cocaine. 21 U.S.C. §§ 841(a)(1), 846. At sentencing, the district judge declined to resolve objections that Davila-Rodriguez had made to statements in the presentence report concerning the quantity of cocaine for which he is accountable, the role he played in the organization, and other matters (such as whether he had solicited a murder). Concluding that *United States v. Booker*, 125 S. Ct. 738 (2005), made it unnecessary to decide what Davila-Rodriguez had done, the district judge pronounced a sentence of 262 months' imprisonment while leaving these subjects up in the air—yet without announcing that they had played no role in the sentence.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

The United States sensibly has confessed error. Nothing in *Booker* affects the requirement, established by Fed. R. Crim. P. 32(i)(3)(B), that before imposing sentence the court either resolve every factual dispute or state on the record that the disputed subject plays no role in the sentence. Factual issues such as those that Davila-Rodriguez contested remain relevant to sentencing after *Booker*. A district judge must "first calculate the correct guideline sentence so that [it] can serve as a meaningful guide in the district court's imposition of a final sentence." *United States v. Baretz*, 411 F.3d 867, 877 (7th Cir. 2005). The Guidelines range remains the starting point, even though *Booker* augments the court's discretion to give sentences outside that range. See *United States v. Dean*, 414 F.3d 725 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005).

Davila-Rodriguez contends that the district judge is forbidden to receive evidence on remand in order to resolve the disputes "in that no mechanism currently allows for such to occur." This assertion is puzzling, as the "mechanism" is the same one that allows for the receipt and consideration of evidence at any sentencing. When sentencing Davila-Rodriguez on remand, the district court may use all the procedures that it could and should have used the first time. See *United States v. Goldberg*, 406 F.3d 891, 894–95 (7th Cir. 2005). Other contentions need not be resolved now, as the issues may not recur in resentencing.

VACATED AND REMANDED FOR RESENTENCING